**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SELVIN PONCE-MARADIAGA,<br>Petitioner(s),<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent(s). | CASE NO. C26-2087-KKE<br>[related to CR24-0092-KKE-2]<br><br>ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION REGARDING PRIVILEGE WAIVER |

The Government filed a motion regarding Petitioner's waiver of attorney-client and work-product privileges, arguing that by raising claims of ineffective assistance of counsel in his 28 U.S.C. § 2255 motion, Petitioner has waived attorney-client and work-product privileges with respect to the following subjects:

• Petitioner's former counsel Tim Askerov's communications with Petitioner and legal advice concerning the ramifications of entering into a plea agreement with the Government and the impact that plea agreement would have at sentencing;

• Whether Mr. Askerov ever made any "specific and affirmative representations about the sentencing outcome" (and, if so, the details and context of those representations);

• Mr. Askerov's efforts to ensure Petitioner's decision to enter into a plea agreement with the Government was knowing and voluntary; and

• Whether Petitioner directed Mr. Askerov to file a notice of appeal (and, if so, when and how those directions were communicated).

Dkt. No. 7. Petitioner did not file a response to the Government's motion, and his petition contemplates that Mr. Askerov should testify regarding the substance of his sentencing discussions and any appeal directions. *See* Dkt. No. 1 at 23–24.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Accordingly, the Court GRANTS the Government's unopposed motion (Dkt. No. 7) and authorizes Petitioner's former counsel Tim Askerov to provide to the Government otherwise-privileged information on each of these subjects that relates to his representation of Petitioner in Case No. 2:24-CR-00092-KKE (W.D. Wash.). Mr. Askerov is authorized to provide all documents relating to each subject, including all communications with Petitioner and all other documents evidencing any such communications. Mr. Askerov also may provide evidence in the form of declarations, affidavits, testimony, or any other form.

Absent further order from this Court, the evidence provided under this order may be used solely for the purpose of litigating Petitioner's Section 2255 motion and may not be admitted against Petitioner in any other proceeding.

This order will remain in effect even after the Court has ruled on Petitioner's Section 2255 motion. Both parties retain the right to apply to the Court for modification of this order.

Dated this 13th day of August, 2026.

Kymberly K. Evanson
United States District Judge